UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KITTY KNAPP, | ) | |
| Plaintiff, | ) | No. 15 C 754 |
| | ) | |
| v. | ) | |
| | ) | Honorable Gary Feinerman |
| EVGEROS, Inc., d/b/a OLYMPIC | ) | |
| STAR RESTAURANT, | ) | |
| Defendant. | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

For the reasons set out below, Defendant's Petition for Award of Attorneys' Fees [dkt 48] is granted in part and denied in part. Plaintiff Kitty Knapp is hereby ordered to pay defendant Evgeros, Inc., the amount of $2,380.00.[1]

## BACKGROUND

In December 2015, defendant Evgeros, Inc. ("Evgeros") brought a motion to compel the deposition of June Miller, which was granted. [Dkt 36, 42.] The court also granted Evgeros its

---

[1] Although the caption refers to "defendants," it appears there is only a single defendant, Evgeros, Inc. doing business as Olympic Star Restaurant.

attorneys' fees and costs incurred in connection with bringing the motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A). [Dkt 46.] Evgeros filed a petition seeking $3,220.00 in attorneys' fees it incurred in bringing the motion to compel. (Def.'s Fee Pet.) [Dkt 48.] Plaintiff Kitty Knapp ("Knapp") was ordered to respond to Evgeros's petition by February 11, 2016. [Dkt 46.] Knapp later requested and was granted an extension until March 4, 2016. [Dkt 50.] Knapp has never filed a response, and the court determined that Knapp had waived any objections to the petition. [Dkt 55.]

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(5)(A) provides, "If the motion [to compel discovery] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." There has been some uncertainty in this circuit about whether a magistrate judge may order expenses shifted under the discovery rules or whether the magistrate judge must issue a report and recommendation. *See, e.g., Cleversafe, Inc. v. Amplidata, Inc.*, 287 F.R.D. 424 (N.D. Ill. 2012); *Cardenas v. Grozdic*, No. 12 C 292, 2013 WL 4080652 at *3 n. 2 (N.D. Ill. Aug. 13, 2013). Although the Seventh Circuit has never squarely decided the issue, it has said that matters regarding "sanctions" are determinations for the district judge as to which a magistrate judge may only issue a report and recommendation. *See, e.g., Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 868-69 (7th Cir. 1996); *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994). Those decisions arose, however, in contexts quite different from discovery orders. *Alpern* stemmed from a post-dismissal motion for sanctions pursuant to Fed. R. Civ. P. 11, and *Retired Police Members* involved sanctions under Rule 11 and 28 U.S.C. § 1927.

Just two months before the Seventh Circuit decided *Alpern*, it distinguished between Rule 11 sanctions and expense-shifting under Rule 37. *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994). In holding that the party who was granted an award of expenses under Rule 37 could also recover expenses on appeal pursuant to that same rule, the court distinguished the Supreme Court's decision in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405-09 (1990). The *Cooter* decision, the Seventh Circuit said, "holds that a person sanctioned for filing frivolous papers in the district court need not pay extra for taking an appeal, unless the appeal is independently frivolous and sanctionable under Rule 38." *Rickels,* 33 F.3d at 787. Unlike Rule 11, the Seventh Circuit said, Rule 37 is a fee-shifting rule and should be treated differently from rules designed to sanction frivolous positions. *Id.* To fulfill Rule 37's purpose of making the winning party whole, that party is entitled to reasonable expenses including attorney's fees incurred in the appeal. *Id*. at 788.

The decisions in *Cooter* and *Rickels* suggest a logical distinction between sanctions imposed under Rule 11 and 28 U.S.C. § 1927, which are akin to independent claims for inappropriate conduct during litigation, and an award of expenses under Rule 37(a)(5), which is so linked to the disposition of the discovery motion under the magistrate judge's pretrial discovery management authority that the decision about shifting expenses is part of the process under Rule 37(a)(5).

Other circuits have concluded that the award of expenses under Rule 37 is not dispositive. *See Cleversafe*, 287 F.R.D. at 429-30 (reviewing decisions from the First, Second, Third, Fourth, Fifth, Ninth, and Tenth Circuits). This does not eliminate the possibility that a decision under Rule 37 could be dispositive, as the First Circuit observed:

> We think that the terms dispositive and nondispositive as used in Rule 72 must be construed in harmony with the classifications limned in section 636(b)(1). This does not mean, of course, that dispositive motions are those excepted motions specifically enumerated in section 636(b)(1)(A), and no others. Rather, that enumeration informs the classification of other motions as dispositive or nondispositive. Motions for sanctions premised on alleged discovery violations are not specifically excepted under 28 U.S.C. § 636(b)(1)(A) and, in general, they are not of the same genre as the enumerated motions. We hold, therefore, that such motions ordinarily should be classified as nondispositive. Withal, we caution that a departure from this general rule may be necessary in those instances in which a magistrate judge aspires to impose a sanction that fully disposes of a claim or defense.

*Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 5-6 (1st Cir. 1999) (citations omitted).

The view that an order shifting expenses in discovery is not dispositive appears confirmed by the amendment to Rule 26(c)(1)(B) effective December 1, 2015, which expressly authorizes the court to enter a protective order "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." Presumably, the authority of a magistrate judge to supervise discovery must include authority to make that allocation. Any other reading would allow a magistrate judge supervising discovery to issue an order under Rule 26(c)(1)(B) specifying the "time and place" for discovery yet require the magistrate judge to issue a report and recommendation for the allocation of expenses. Such inefficiency would be contrary to the overriding principle that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of that amendment to Rule 26, this court concludes that the shifting of expenses pursuant to Rule 37(a)(5)(A) is not dispositive and is within the authority of the magistrate judge supervising discovery.

**EVGEROS'S FEE REQUEST**

<u>Billing Rate</u>

The starting point for the court's evaluation of a fee petition is a lodestar analysis, that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate. *Houston v. C.G. Sec. Servs., Inc.*, ___F.3d. ___, 2016 WL 1622507, *4 (7th Cir. April 25, 2016). Two associates worked on the motion to compel June Miller's deposition and the pending fee petition: Courtney Lindbert, a seventh year associate who did most of the work on the matter, and Brittni King, a first year associate, both of whom state their billing rate is $250.00 an hour. (Def.'s. Fee Pet., Exs. B and C.) "The attorney's actual billing rate . . . is 'presumptively appropriate,'" (*People Who Care v. Rockford Bd. of Educ. Sch. Dist. No. 205,* 90 F.3d 1307, 1310 (7th Cir. 1996) (citation omitted)), and the court finds $250 per hour is reasonable. The court will apply the $250.00 hourly rate except where the billing records show a lower rate was applied.[2]

<u>Research and Drafting</u>

Evgeros requests fees for six hours allocated to drafting the motion to compel, the fee petition, and corresponding affidavits, for a total of $1,330.00. (Def.'s Fee Pet., Ex. D.)[3] Five hours for a first year associate to draft an eight page motion to compel has been found to be reasonable. *Heneghan v. City of Chicago*, No. 09 C 0759, 2010 WL 3715142 at *2 (N.D. Ill. Sept. 14, 2010).

---

[2] The first six entries on the billing record are calculated at a rate of $200 an hour rather than $250 an hour. (Def.'s Fee Pet., Ex. D.) All of the billing amounts are rounded. (*Id*.)

[3] The total for drafting time consists of: .3 hours researching on 12/3/15 ($60); 1.9 hours drafting the motion to compel on 12/3/15 ($380); 1.2 hours drafting the motion to compel on 12/7/15 ($240); 2.1 hours drafting the fee petition and Ms. Lindbert's affidavit on 1/28/16 ($525); and .5 hours drafting Ms. King's affidavit on 1/28/16 ($125). (Def.'s Fee Pet., Ex. D.)

Here, Ms. Lindbert, a seventh year associate, billed more than three hours to draft a three page motion to compel, which is more time than is reasonably necessary. Accordingly, the court reduces Evgeros's counsel's time to 1.5 hours for drafting the motion to compel. Ms. Lindbert also billed 2.1 hours for drafting a one-and-a-half page petition for attorneys' fees and an eight paragraph affidavit. That is more than what is reasonable, and counsel's time is reduced to 1.5 hours. Additionally, Ms. King billed .5 of an hour for drafting an affidavit that, except for one paragraph, is identical to Ms. Lindbert's affidavit. Because thirty minutes is excessive to draft a four sentence paragraph, the court reduces Ms. King's drafting time to .2 of an hour. Accordingly, the court awards Evgeros $785.00 (1.8 x $200.00 + 1.7 x $250.00) for time spent drafting and researching.

Reviewing Routine Documents

Evgeros requests fees for one-half hour allocated to reviewing routine notification documents related to the motion to compel for a total of $125.00. (Def.'s Fee Pet. Ex. D.)[4] Consistent with the practice of other courts in this district, counsel's fees for time spent reviewing electronic court notifications and a certificate of service by opposing counsel will be reduced to $10 per instance. *See, e.g.*, *Taylor v. Law Offices of Vincent Peter Cignarale, LLC*, No. 11-cv-4853, 2011 WL 6102020 at *2 (N.D. Ill. Dec. 5, 2011). Accordingly, counsel's time is reduced to $30.00 for three instances of electronic notification review at $10 per instance.

---

[4] The total for time spent reviewing routine documents consists of: .2 hours reviewing court order to ensure its accuracy and inform client on 12/11/15 ($50); .2 hours reviewing certificate of service filed by opposing counsel on 1/9/16 ($50); and .1 hours reviewing court's order on 1/14/16 ($25). (Def.'s Fee Pet., Ex. D.)

Communicating with Client and Opposing Counsel

Evgeros requests fees for 1.3 hours allocated to communicating with her client and with opposing counsel on issues related to the motion to compel, for a total of $290.00. (Def.'s Fee Pet., Ex. D.)[5] The court finds these communications and the time spent on them reasonable, and therefore awards $290.00 in fees for time spent communicating with counsel's client and opposing counsel.

Preparing for and Attending Hearings

Evgeros seeks fees for 1.1 hours spent by counsel on December 11, 2015 preparing for the court hearing that day by analyzing Knapp's responses to the motion to compel June Miller's deposition and to another motion to compel that Evgeros had filed, which was also heard that day. Knapp's response to the motion relating to June Miller was less than two pages. (Pl.'s Resp. Def's Mot. Compel Dep. June Miller.) [Dkt 41.] The court finds that 15 minutes would be adequate to review that short response. Evgeros's counsel likely spent more time reviewing Knapp's longer response to Evgeros's other motion to compel. Accordingly, the court awards $75.00 for preparation relating to the motion to compel June Miller's deposition.

---

[5] The total for time spent communicating with client and opposing counsel consists of: .3 hours for teleconference with opposing counsel on 12/3/15 ($60); .2 hours reviewing communication from opposing counsel on 12/3/15 ($40); .2 hours drafting communication to opposing counsel on 12/3/15 ($40); .1 hours reviewing correspondence from opposing counsel regarding scheduling of June Miller's deposition on 12/11/15 ($25); .2 hours drafting communication to opposing counsel on 12/11/15 ($50); .1 hours reviewing communication from opposing counsel on 12/15/15 ($25); .2 hours teleconference with Eva Garbis on 1/11/16 ($50). (Def.'s Fee Pet., Ex. D.)

Evgeros requests fees for 4.8 hours allocated to attending three hearings related to the motion to compel for a total of $1,200.00. (Def.'s. Fee Pet. Ex. D.)[6] Although the hearings dealt with both the motion to compel June Miller's deposition and Evgeros's other motion to compel discovery, there is no practical way to separate the time at the hearing between the two motions. The court finds that time was reasonably incurred and awards the total of $1,200.00 for time spent attending hearings related to the motion to compel June Miller's deposition.

## CONCLUSION

For the foregoing reasons, Defendant's Petition for Fees is granted in part and denied in part. Plaintiff Kitty Knapp is ordered to pay defendant Evgeros, Inc., the amount of $2,380.00 as expenses defendant incurred in connection with defendant's motion to compel the deposition of June Miller.[7]

It is so ordered.

May 12, 2016

Geraldine Soat Brown
United States Magistrate Judge

---

[6] That total consists of: 1.8 hours for hearing on motion to compel on 12/11/15 ($450); .9 hours for attending the hearing for rule to show cause on 1/5/16 ($225); and 2.1 hours for attending the hearing on the rule to show cause and fee request on 1/14/16 ($525). (Def.'s Fee Pet., Ex. D.)

[7] That total consists of: $785.00 for drafting and research; $30.00 for routine document review; $290.00 for communication with client and opposing counsel; and $1,275.00 for preparing for and attending hearings.