IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| Kitty L. Knapp | ) | |
| | ) | 1:15-cv-00754 |
| | ) | |
| Plaintiff, | ) | Judge Gary Feinerman |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| | ) | |
| Evgeros, Inc. d/b/a | ) | JURY TRIAL DEMANDED |
| OLYMPIC STAR RESTAURANT, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFNDANT'S RESPONSE TO PLAINTIFF'S RULE 59 OR IN THE ALTERNATIVE 60 MOTION TO ALTER OR AMEND JUDGMENT**

NOW COMES, the Defendant, Evgeros, Inc. d/b/a OLYMPIC STAR RESTAURANT, by its attorneys, ANDREOU & CASSON, LTD., and for its response to Plaintiff's Rule 59 or Alternatively Rule 60 Motion to Alter or Amend Judgment, states as follows:

**INTRODUCTION**

On September 9, 2016, this Honorable Court granted Defendant's Motion for Summary Judgment, disposing of Plaintiff's entire case. ECF 97-99. On October 7, 2016 Plaintiff filed her Rule 59 or in the Alternative 60 Motion to Alter or Amend Judgment. ECF 109-110. The basis of Plaintiff's motion is essentially that because Plaintiff's counsel, Mr. Craddock, suffers from Attention Deficit Disorder (ADD), the Plaintiff should be granted yet another extension of time to supplement her response, even after being granted three extensions of time. Plaintiff has already been given ample opportunity to present this Court with evidence, and has failed to do so. Plaintiff's motion must be denied.

1

Mr. Craddock states that he was unable to meet deadlines, and missed court dates because of his ADD. ECF 109 ¶ 6-7. Mr. Craddock also argues that attaching the incorrect deposition transcript was a "simple mistake", and should not be attributed to Plaintiff nor Plaintiff's counsel. ECF 109 ¶ 11, 13. Lastly, Mr. Craddock admits that the citations to Plaintiff's Rule 56 statement were deficient. ECF 109 ¶ 13-20. No reason is given as to why the citations were deficient. ECF 109. Plaintiff's motion must be denied because Plaintiff does not meet the standard for relief under FRCP 59 or 60, as further explained below.

**ARGUMENT**

**1. Plaintiff's Motion Under FRCP 59 Must be Denied because Plaintiff has Failed to Demonstrate a Manifest Error of law, or Newly Discovered Evidence.**

Plaintiff seeks relief pursuant to FRCP 59 and in the alternative FRCP 60. Relief pursuant to FRCP 59 must be denied. Rule 59(e) provides:

> (e) *Motion to Alter or Amend a Judgment.* A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FRCP 59.

FRCP 59(e) permits a court to alter a judgment "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 852 (7th Cir. 2010). A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir 2000). The decision of whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

In *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996), the district court granted summary judgment in the defendant's favor and then denied the plaintiff's Rule 59(e) motion. *Moro v. Shell Oil Co.*, 91 F.3d 872, 872-873 (7th Cir. 1996). *Moro,* was an antitrust case. *Id*. in

plaintiff, *Moro's*, Rule 59(e) motion, the plaintiff argued that a genuine issue of material fact existed making the granting of summary judgment inappropriate. *Id.* at 876. Specifically, the plaintiff submitted an additional affidavit. *Id*. at 876. The 7th Circuit upheld the district court's ruling finding that plaintiff's attempt to show a genuine issue of material fact by supplementing the record at the Rule 59(e) stage of the proceedings was too little, too late. *Id*.

In this case, Plaintiff argues that it would be a manifest error of law by not allowing the Plaintiff to attach the correct deposition transcript, and the corrected Rule 56 statement. ECF 109, pg 3. The Plaintiff has failed to present any controlling precedent regarding the situation at hand. The 7th Circuit is clear that a Rule 59(e) motion cannot be used to present evidence that could and should have been presented prior to the entry of final judgment. *In re Prince*, 324. Just like in *Moro,* Plaintiff's attempts to supplement the record at this stage in the proceedings are too little, too late. Especially when in this case, the Plaintiff was given three opportunities to present sufficient evidence in her Response to Defendant's Motion for Summary Judgment. Plaintiff's motion must be denied.

Further, a Rule 59(e) motion is not a vehicle for rearguing previously rejected motions. *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). Here, after three opportunities (ECF 66, 69, 74), the Plaintiff still failed to properly present any evidence. When Plaintiff noticed this failure, Mr. Craddock filed without leave of court failed an amended Local Rule 56.1(b)(3)(B) response and Local Rule 56.1(b)(3)(C) statement, and an amended summary judgment brief. ECF 84, 84-1. The Court struck those filings because they were untimely and without leave of court. ECF 85. The Plaintiff next filed a Motion for Leave to Correct her Rule 56.1 Statement and Response to Defendant's Motion for Summary Judgment. ECF 86. The Court found that the Plaintiff failed to establish excusable neglect for the delay in filing the "corrected"

documents. ECF 99, pg 5. The Court has already denied Plaintiff's attempt to supplement the record twice. This Court should not allow the Plaintiff to supplement her response, yet again.

In Plaintiff's Rule 59(e) motion, she is simply rehashing her arguments in her Motion for Leave to Correct. The Court has already denied as moot the Motion for Leave. ECF 97. Further, the 7th Circuit has made it clear that a Rule 59(e) motion is not a vehicle for a party to un-do its procedural failures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir 1996). Pursuant to *Moro*, supplementing the record at this stage to correct errors and rectify missed opportunities is inappropriate. For the foregoing reasons, Plaintiff's Rule 59(e) motion must be denied.

**2. Plaintiff's Motion Must be Denied Because Counsel's Dilatory Behavior Does not Constitute Mistake, Inadvertence, Surprise or Excusable Neglect Under FRCP 60(b)(1).**

The Plaintiff also seeks relief from judgment pursuant to FRCP 60(b), which provides in part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> …
> (6) any other reason that justifies relief. FRCP 60.

The decision of a Rule 60(b) motion is left to the broad discretion of the trial court. *Inryco, Inc., v. Metropolitan Engineering Co.*, Inc., 708 F.2d 1225, 1230 (7th Cir 1983). It is unclear exactly which subsection of FRCP 60(b) Plaintiff seeks relief. Assuming, that Plaintiff is seeking relief under FRCP 60(b)(1) and (b)(6), her motion must be denied.

Relief from a judgement entered due to error of counsel is generally sought pursuant to FRCP 60(b)(1) on the theory that counsel's error constitutes mistake or excusable neglect. *Ben Sager Chemicals Intern., Inc., v E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977). In order to qualify for relief pursuant to FRCP 60(b)(1), the "movant must demonstrate that he has a

4

meritorious defense and that arguably one of the four conditions for relief applies mistake, inadvertence, surprise or excusable neglect." *Ben Sager Chemicals Intern* at 809, *quoting*, *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973); Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1). *Bershad v. McDonough*, 469 F.2d 1333, 1337 (7th Cir. 1972).

In this case, if Plaintiff is seeking relief under FRCP 60(b)(1), Plaintiff has failed to demonstrate that the Plaintiff has a meritorious defense to summary judgment. In this case, the Court found that Plaintiff's disability claims failed because no reasonable juror could conclude that Defendant decided to take Plaintiff off the work scheduled because the Plaintiff had or appeared to have a disability, rather than because Plaintiff had limited scheduling availability ECF 98, pg 17. This Court found that Plaintiff did not present any minimally compelling evidence that age was one "but-for" cause of Defendant's decision to take her off the work schedule. ECF 98, pg 19. Further, this Court found that Plaintiff was not meeting the Defendant's legitimate business expectations due to Plaintiff's own scheduling inflexibility. ECF 98, pg 21.

Further, Plaintiff has failed to meet the second requirement of FRCP 60(b)(1), namely that there was mistake, inadvertence, surprise, or excusable neglect, as addressed below. In this case, Plaintiff's counsel is seeking relief based on that fact that he suffers from ADD and has trouble completing assignments. ECF 109 ¶ 6-9. Plaintiff is trying to argue that due to Counsel's ADD, there was mistake, inadvertence, surprise, or excusable neglect pursuant to FRCP 60(b)(1). Counsel's diagnosis of ADD does not create a right to relief under FRCP 60(b)(1), nor 60(b)(6). Further, Plaintiff has had ample opportunity to present evidence.

In *D'Angelo v State Farm Fire & Cas. Co.*, Plaintiff moved for relief pursuant to FRCP 60(b), arguing that the judgment should be vacated because his attorney suffered from Adult Attention Deficit Hyperactivity Disorder. *D'Angelo v State Farm Fire & Cas. Co.,* 2002 WL 408886 (2nd Cir 2002). The trial court held an evidentiary hearing where the plaintiff's attorney testified that ADD affected his ability to concentrate. *Id.* The Appellate Court in *D'Angelo* held that the trial court properly denied Plaintiff's Rule 60(b) motion, finding that the plaintiff failed to demonstrate a nexus between his attorney's disorder and the alleged mistakes at trial *Id.*

Here, Plaintiff has offered a variety of excuses for untimely filings and failure to comply with court orders. For example, Mr. Craddock has provided the following excuses for late filing and failure to comply with court order: a heart condition (ECF 40, ¶ 14), other appellate briefs due, other discovery obligations, other hearings (ECF 64, ¶ 2) a computer malfunction (ECF 67, ¶ 2), a heart condition, a doctor's appointment, ADD (ECF 72, ¶ 2) and a lost wallet (ECF 90, ¶ 1). Plaintiff has failed to demonstrate the nexus between *any* of the excuses, including ADD, and the alleged mistakes. This is fatal to Plaintiff's Motion to relief, pursuant to *D'Angelo v. State Farm Fire & Cas. Co.,* 2002 WL 480886 (2nd Cir 2002). The only evidence that the Plaintiff has presented to the Court, is evidence of gross carelessness, and dilatory conduct . Ignorance and/or carelessness by an attorney is not a basis for relief on the grounds of mistake, inadvertence, or excusable neglect under FRCP 60(b)(1). *Ben Sager Chemicals Intern., Inc*., at 809. Counsel's ADD does not create a right to relief under FRCP 60(b). The Plaintiff's motion must be denied.

**3. Further, Counsel's Cannot Prove that Extraordinary Circumstances are Present Under FRCP 60(b)(6).**

Plaintiff's has failed to present any argument that would entitle Plaintiff to relief under FRCP 60(b)(6). FRCP 60(b)(6) is properly invoked when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the

6

grounds for relief are not recognized in clauses (1)-(5) of the Rule. *Nemaizer v. Baker,* 793 F.2d 58, 63 (2nd Cir.1986). Since FRCP 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances. *Ben Sager Chemical Intern. Inc. at* 809. Plaintiff's motion must be denied as Plaintiff cannot meet the requirements of FRCP 60(b)(6).

In this case, there are no extraordinary circumstances that would allow for relief under FRCP 60(b)(6). Over the course of this case, Plaintiff's counsel has demonstrated dilatory behavior *time and time again.* For example, when Plaintiff's counsel propounded discovery for the first time one month before discovery was set to close, Plaintiff's counsel blamed the dilatory behavior on a heart condition. ECF 40, ¶ 14. Plaintiff's counsel first request for an extension of time to file a response to Defendant's Motion for Summary Judgment was blamed on scheduling conflicts, an appellate brief, and several discovery obligations and hearings. ECF 64, ¶ 2. Plaintiff's Second Motion for Extension of Time was blamed on a computer malfunction. ECF 67, ¶ 2. Plaintiff's Third Motion for Extension of Time was blamed on a computer malfunction, illness, a heart condition, a doctor's appointment, and ADD. ECF 72, ¶ 2. Plaintiff's Motion for Leave to Correct Plaintiff's Rule 56.1 Statement, did not provide any reasoning for citations errors, and attaching the incorrect deposition transcript. ECF 86. Plaintiff then filed a Motion for Leave to File Response to Defendant's Motion to Strike Exhibits *Instanter*. In this motion, Counsel blamed a filing delay on scheduling conflicts, and a lost wallet. ECF 90, ¶ 1.

Plaintiff cannot meet the standard for relief under FRCP 60(b)(6). Here, Plaintiff has not demonstrated exceptional circumstances under FRCP 60(b)(6); it shows a pattern of carelessness. Plaintiff was given three opportunities to present this Court with proper evidence, and Plaintiff failed. Health conditions, lost wallets, broken computers, and scheduling issues are not exceptional circumstances. Routine carelessness by counsel leading to late filings is not enough

to constitute excusable neglect. *Negron v Celebrity Cruises, Inc.,* 316 F.3d 60, 62 (1st Cir 2003). In this case, Mr. Craddock's behavior is more than just "routine carelessness", Mr. Craddock's behavior has been grossly dilatory. There is no right to relief for careless behavior, let alone behavior that is grossly dilatory. Therefore, Plaintiff's motion must be denied.

Lastly, even if this Court wishes to allow the Plaintiff to supplement her response, the Defendant is still entitled to summary judgment. This Court found that that Plaintiff's disability claims failed because no reasonable juror could conclude that Plaintiff was taken off the work scheduled because the Plaintiff had or appeared to have a disability. ECF 98, pg 17. Further, this Court found that Plaintiff did not present evidence that age was one "but-for" cause of Defendant's decision to take her off the work schedule. ECF 98, pg 19. This Court found that Plaintiff was not meeting the Defendant's legitimate business expectations due to Plaintiff's own scheduling inflexibility. ECF 98, pg 21. No evidence will ever show that the Plaintiff was discriminated against. The Plaintiff's motion must be denied.

## CONCLUSION

Plaintiff's motion must be denied. In this case, Plaintiff cannot meet the standard for relief under FRCP 59 and 60(b). Over the course of this case, Plaintiff has been dilatory. It would be fundamentally unfair, and prejudicial to grant Plaintiff's motion. For the foregoing reasons, Plaintiff's Motion must be denied.

WHEREFORE, , the Defendant, Evgeros, Inc. d/b/a OLYMPIC STAR RESTAURANT respectfully requests that this Court deny Plaintiff's motion, and for any other relief deemed just and proper.

Respectfully Submitted:

For the Defendants, Evergros, d/b/a Olympic Star Restaurant,


By: **/s/ Courtney Lindbert**
       Courtney E. Lindbert


Frank J. Andreou  6228760
Courtney E. Lindbert 6299342
Andreou & Casson, Ltd.
661 W. Lake Street, Suite 2N
Chicago, Illinois 60661
312-935-2000/ 312-935-2001
e-mail:  fandreou@andreou-casson.com
        clindbert@andreou-casson.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| Kitty L. Knapp | ) | |
| | ) | 1:15-cv-00754 |
| | ) | |
| Plaintiff, | ) | Judge Gary Feinerman |
| | ) | |
| v. | ) | Magistrate Judge Geraldine |
| | ) | Soat Brown |
| | ) | |
| Evgeros, Inc. d/b/a | ) | JURY TRIAL DEMANDED |
| OLYMPIC STAR RESTAURANT, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned, being first duly sworn on oath, deposes and says that I served the attached:

DEFENDANT, EVGEROS, INC., d/b/a OLYMPIC STAR RESTAURANT **RESPONSE TO PLAINTIFF'S RULE 59 OR IN THE ALTERNATIVE 60 MOTION TO ALTER OR AMEND JUDGMENT.**

A true and correct copy thereof addressed to:

Jason R. Craddock
19 South LaSalle Street, Suite 604
Chicago, Illinois 60603
Phone: 312.629.2818
Fax: 855.817.9338
e-mail: captian1970@thelife.net

**PROOF OF SERVICE**

The undersigned, an attorney, on oath affirms that all parties of record have been provided copies of this Notice of Filing and the above-named document(s), by ECF Notice before 5:00 p.m. on this 7th day of November 2016.

[X] Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

                                                /s/ Courtney E. Lindbert
                                                Courtney Lindbert