UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KITTY KNAPP, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 754 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| EVGEROS, INC., d/b/a Olympic Star Restaurant, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Kitty Knapp filed this suit against her former employer, Evgeros, Inc., alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Illinois Human Rights Act ("IHRA"), 775 ILCS § 5/1-101 *et seq.* Doc. 1. During discovery, the court imposed a $2,380 discovery sanction on Knapp in connection with a motion to compel. Docs. 62-63 (Brown, M.J.) (reported at 2016 WL 2755452 (N.D. Ill. May 12, 2016)). After discovery, the court granted summary judgment to Evgeros and entered judgment in its favor. Docs. 97-98 (reported at 205 F. Supp. 3d 946 (N.D. Ill. 2016)). Knapp's attorney, Jason R. Craddock, Sr., then filed a motion for reconsideration, which was denied. Docs. 153-154 (reported at 2017 WL 3592663 (N.D. Ill. Aug. 21, 2017)).

The final open matter on the docket is Evgeros's motion for Rule 11 sanctions, which seeks relief on the ground that Knapp and Craddock continued to pursue Knapp's ADA claim after her deposition testimony made clear that her alleged disability did not substantially limit any major life activity. Doc. 112. The motion is denied.

1

## Background

The procedural and factual background of this case is set forth in the court's summary judgment opinion. The story concerning the present sanctions motion began on March 23, 2016, when Evgeros's counsel sent Craddock a letter stating, in its entirety:

> Pursuant to FRCP 11, dismiss counts I and II with prejudice as there is no liability based on your client's own testimony. When asked "What activities did you [sic] elbow limit, if any?" Ms. Knapp testified, "I really didn't think anything." When asked "Prior to the surgery, did the elbow ever interfere with your duties at work?" Ms. Knapp testified, "No, I did them." Your client's alleged impairment does not substantially limit any major life activity. Dismiss your claim by Friday March 25, 2016, or I will seek sanctions.

Doc. 112-1 at 1. A week later, Craddock responded:

> At this time, I believe a genuine issue of material fact exists as to whether Plaintiff was 'regarded as having a disability' which could preclude summary judgment (see **Best v. Shell Oil Co., 1995 U.S. Dist. LEXIS 7452, pp. 10-11), and so we decline to dismiss these counts.**

Doc. 112-2 at 3. A day later, Evgeros moved for summary judgment. Doc. 57. As noted, the court granted the motion and entered judgment. Doc. 98. Evgeros moved for Rule 11 sanctions a month later. Doc. 112.

While the sanctions motion was pending, Evgeros's counsel filed a complaint against Craddock with the Northern District of Illinois Executive Committee arising from Craddock's use of "gender-based, vulgar insults against opposing counsel." 17 MC 27, Doc. 1 at 1. The Executive Committee ruled: "Craddock's use of slurs against defense counsel was intended to intimidate her in the representation of her client. This conduct, along with its underlying intent, meets the definition of harassment or discrimination on the basis of sex, and violated Rule of Professional Conduct 8.4(g)." *Id*. at 2. Craddock was suspended from the General Bar of this court for twelve months and stricken from the Trial Bar. *Id*. at 4.

**Discussion**

"Under Rule 11, sanctions are proper when a party or attorney signs a pleading or motion that is not well-grounded in fact and warranted by existing law." *Blow v. Bijora, Inc.*, 855 F.3d 793, 807 (7th Cir. 2017); *see* Fed. R. Civ. P. 11(b) (stating, in relevant part, that "[b]y presenting to the court a pleading, written motion, or other paper … an attorney … certifies that to the best of the person's knowledge, information, and belief, … the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] the factual contentions have evidentiary support"). In determining whether that burden has been met, the court "must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc'y v. Office & Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (internal quotation marks omitted). Ultimately, "[t]he decision to grant or deny a motion for Rule 11 sanctions is within the sound judgment of the district court." *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013).

A party seeking sanctions must comply with the procedural requirements set forth in Rule 11(c)(2), which provides in relevant part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2). The Rule's text states that the moving party must serve the proposed *motion* on the other party and may file it only after 21 days have passed. But circuit precedent holds that "*a letter* informing the opposing party of the intent to seek sanctions and the basis for the imposition of sanctions … is sufficient for Rule 11 purposes." *Matrix IV, Inc. v. Am. Nat'l*

*Bank & Trust Co. of Chi.*, 649 F.3d 539, 552 (7th Cir. 2011) (emphasis added). That precedent is on life support—earlier this year, the Seventh Circuit came within a cat's whisker of overruling it. *See N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 883-89 (7th Cir. 2017). But precedent it remains, and this court must follow it until the Seventh Circuit says otherwise. *See Jansen v. Packaging Corp. of Am.*, 123 F.3d 490, 495 (7th Cir. 1997) (en banc); *Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir. 1986).

As noted, Evgeros served Craddock with a letter, not a motion, notifying him of its intention to seek sanctions if Craddock did not withdraw Knapp's ADA claim. Although a letter suffices (at least for now) under Rule 11(c)(2), and although Evgeros waited more than 21 days after serving the letter to file its Rule 11 motion—the court will assume without deciding that Evgeros's waiting more than 21 days satisfied the 21-day requirement even though its letter gave Knapp only two days to dismiss the ADA claims—Evgeros can seek Rule 11 sanctions only on the grounds set forth in the letter. After all, Rule 11(c)(2) says that the movant must serve a Rule 11 motion 21 days before filing it, which means that the filed motion must be materially identical to the served motion. The same necessarily holds for a letter served in lieu of a motion, meaning that the court may not consider any grounds set forth in the motion that were not articulated in the letter.

The sole ground for sanctions articulated in Evgeros's letter is that Knapp's deposition testimony showed that her "alleged impairment does not substantially limit any major life activity." Doc. 112-1 at 1. Evgeros's argument rests on the premise that a person can qualify as disabled under the ADA only if her alleged disability substantially limits a major life activity. That premise is wrong. As the court explained in its summary judgment opinion:

> An ADA plaintiff must prove that she has a "disability" in order to prevail. *See Silk v. Bd. of Trs., Moraine Valley Comm. Coll.*, 795 F.3d 698, 706 (7th

4

> Cir. 2015). The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities …; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph 3))." 42 U.S.C. § 12102(1). Paragraph (3) clarifies that an individual can be "regarded as" having a disability "whether or not the impairment limits or is perceived to limit a major life activity." *Id*. § 12102(3)(A).

205 F. Supp. 3d at 954. Thus, Knapp's testimony that her impairment did not substantially limit a major life activity did not foreclose her ADA claims, so long as she was "regarded as" having a disability. *See Silk*, 795 F.3d at 706. That was precisely the holding of the *Best v. Shell Oil Co.* case that Craddock cited in his response.

So on the only issue raised in Evgeros's letter, Craddock was right and Evgeros was wrong. Rule 11 sanctions cannot issue under these circumstances.

## Conclusion

For the foregoing reasons, Evgeros's sanctions motion is denied.

August 24, 2017

_____
United States District Judge

5